UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| URBAN ONE, INC. | : CIVIL ACTION NO. |
| Plaintiff, | : |
| v. | : COMPLAINT FOR COPYRIGHT<br>: INFRINGEMENT |
| MICHAEL WILLIAMS; DOES 1 through<br>10, inclusive. | : JURY TRIAL DEMANDED |
| Defendants. | : |

Plaintiff Urban One, Inc. ("Urban One"), by and through its undersigned attorney, for its Complaint against defendants Michael Williams ("Mr. Williams"), and DOES 1 through 10, inclusive (collectively, "Defendants"), upon information and belief, hereby alleges as follows:

### NATURE OF THIS ACTION

1.      Urban One brings this action to enforce its exclusive copyright in the audio recording of a radio show. The action arises out of Defendants' infringement of Urban One's copyright of the audio recording of the radio show entitled "DJ Mr King and 50 Cent Interview Power 107.5." Defendants' YouTube video entitled "50 Cent Announces I'm The Man Remix W/ Chris Brown, Talks Top 5 Songs, Power Season 3 & More" primarily and substantially copies Urban One's copyrighted work without securing the necessary licenses, permissions, consents, and authority of Urban One.

### PARTIES

2.      Urban One is a Delaware corporation with its principal place of business at 1010 Wayne Avenue, 14th Floor, Silver Spring, MD 20910. Directly, and through subsidiaries and affiliates, Urban One owns and/or operates more than 50 radio stations in 15 cities in the United States. Each of Urban One's radio stations is branded "Radio One."

3.      Upon information and belief, defendant Mr. Williams is an individual residing in the State of Pennsylvania. As part of the Digital Millennium Copyright Act ("DMCA") counter-notification process, Mr. Williams identified his address as 1933 Vine Street, Philadelphia,

Pennsylvania, although that address does not appear to be a genuine one, as the would-be location of the address is instead occupied by the Free Library of Philadelphia at 1901 Vine Street, Philadelphia.

4. Upon information and belief, defendants Does 1 through 10 are individuals and/or entities whose actions are the subject of this Complaint. Defendants Does are either acting in concert with Mr. Williams, have acted through computers owned and/or operated by Mr. Williams without their specific knowledge, or are operating under the alias Mr. Williams and are therefore the true actor(s) responsible for the allegations against Mr. Williams in this Complaint, and reside and/or were and are licensed or otherwise authorized to do business within the jurisdictional boundaries of the above-entitled matter.

5. Urban One is informed and believes and thereon alleges that each of the Defendants, including Does 1 through 10, are in some manner legally responsible for the acts and omissions alleged herein.

## JURISDICTION AND VENUE

6. This is an action for copyright infringement to recover damages and for injunctive relief for the injuries sustained by Urban One resulting from Defendants continuous and willful violations of the United States Copyright Act, 17 U.S.C. § 101 et seq. (hereinafter, "the Copyright Act").

7. This Court has subject matter jurisdiction over this action pursuant to the Copyright Act, 17 U.S.C. § 101 et seq., 28 U.S.C § 1331, and § 1338(a).

8. This Court has personal jurisdiction over Defendants because Defendants reside and may be found in this Judicial District and because the Doe defendants that are entities, if any, purposefully availed and/or directed themselves to the benefits and protections of doing business in the state of Pennsylvania and conduct systemic and continuous business in this District. Defendants have also expressly consented to this jurisdiction as part of the DMCA counter-notification process.

9.  Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C §§ 1391 and/or 1400(a). Upon information and belief, Defendants may be found in this district and/or has principal places of business in this district and/or a substantial part of the acts of infringement complained of herein occurs or has occurred in this district.

## GENERAL ALLEGATIONS

10. Urban One, founded in 1980, is an American multimedia company with holdings in radio, cable television and digital media. Urban One owns and operates at least 55 radio stations in 15 United States radio markets. It is the largest African American-controlled broadcasting company in the United States. Urban One publishes thousands of videos and audio recordings of its radio broadcasts each year on various internet websites, many of which include interviews with popular music artists.

11. On or about March 5, 2016, Radio One Columbus employee Stephen King, professionally known as DJ Mr. King, interviewed popular hip-hop artist Curtis James Jackson III, known professionally as 50 Cent, for Urban One radio station WCKX-FM (Power 107.5). 50 Cent is best known for his multi-platinum album "Get Rich or Die Tryin.'" The recorded interview with 50 Cent was subsequently published on or about March 6, 2016 on SoundCloud, an online audio distribution platform, and then on MyColumbusPower.com, a website owned and operated by Urban One subsidiary Interactive One, LLC. The audio recording, totaling 10 minutes and 30 seconds, was titled "DJ Mr King and 50 Cent Interview Power 107.5" (the "Protected Work").

12. On or about May 5, 2017, pursuant to a Copyright Assignment Agreement, Radio One Columbus irrevocably conveyed, transferred, and assigned to Urban One all of its right, title, and interest in and to the Protected Work, including the copyright and any and all claims and causes of action, all rights to and claims for damages, restitution, and injunctive and other legal and equitable relief for past, present, and future infringement, misappropriation, violation,

misuse, breach, or default, with the right to sue for such legal and equitable relief and to collect, or otherwise recover, any such damages.

13. Urban One submitted its Protected Work for registration with the United States Copyright Office on June 29, 2017 under case no. 1-5523564242, and is currently awaiting confirmation that the Protected Work is granted a copyright.

14. Urban One is informed and believes and thereon alleges that on March 7, 2016, Mr. Williams, under the YouTube user name MoneyStacksMatt (YouTube being a popular video-sharing website), published the YouTube video entitled "50 Cent Announces I'm The Man Remix W/ Chris Brown, Talks Top 5 Songs, Power Season 3 & More" at http://www.youtube.com/watch?v=tUgLqxnsa3E (the "Infringing Work"). The Infringing Work consisted of a video that started with a 27-second introduction showcasing excerpts of a 50 Cent song and the accompanying artwork, followed by the entirety of the Protected Work, while at first displaying a static, copyrighted photograph of the interview that Urban One had published, then later displaying Urban One's static promotional advertisement of the interview. After the Protected Work, the remainder of the Infringing Work consisted of 3 minutes and 2 seconds of several video excerpts of 50 Cent's works. MoneyStacksMatt had also published numerous other videos on YouTube, videos that consisted primarily of Urban One's copyrighted material. These infringing videos were not discovered by Urban One until recently.

15. At no time did Urban One authorize or license its copyrighted works for use or publication by MoneyStacksMatt, i.e., Defendants.

16. On June 6, 2017, Urban One sent DMCA take-down notices to YouTube for the Infringing Work and two other videos posted by MoneyStacksMatt that infringed upon Urban One's copyrights.

17. On June 20, 2017, YouTube notified Urban One that MoneyStacksMatt had issued a DMCA counter-notification for the Infringing Work. In this counter-notification, under penalty of perjury, MoneyStacksMatt falsely asserted the following: (1) that he "filmed" the

Infringing Work, (2) that Urban One submitted a "false claim," and (3) that the Infringing Work was "removed due to a mistake or misidentification of the material to be removed or disabled."

18.     Also as part of this DMCA counter-notification, under penalty of perjury, MoneyStacksMatt identified himself as Michael Williams, with a physical address of 1933 Vine Street, Philadelphia, Pennsylvania 19103, email address of dwsourmonstermedia@gmail.com, and phone number of (215) 984-2384.  The physical address does not appear to exist, as its would-be location is occupied by the Free Library of Philadelphia located at 1901 Vine Street, Philadelphia.  Nor is the phone number provided a working number at the time of filing.

19.     Urban One is informed and believes and thereon alleges that Mr. Williams may not be the true name of the registered YouTube user MoneyStacksMatt, and therefore has included the Doe defendants in the event Mr. Williams is an alias, and Urban One learns the true identities of the individual(s) or entity/ies responsible for the creation and/or publication of the Infringing Work.

20.     The Infringing Work is a video that primarily consists of a reproduction of the Protected Work combined with a still photograph taken at the time and place of the recording of the Protected Work.

21.     Any reasonable observer, when comparing the Protected Work and the Infringing Work must conclude that—at the very least—the entire Protected Work is incorporated into the audio portion of the Infringing Work.

22.     The Protected Work and the Infringing Work contain the exact same audio recording as to evidence the conscious copying of one in pursuit of the creation of the other.

23.     The Infringing Work copied the Protected Work without securing the necessary licenses, permissions, consents, and authority of Urban One.

24.     Defendants have been reproducing, distributing, and publishing the derivative Infringing Work and other infringing works via YouTube without the permission, license, or consent of Urban One.  Urban One is informed and believes and thereon alleges that Defendants

have received or attempted to receive advertising revenue by "monetizing" their YouTube account, resulting in substantial revenue for Defendants.

25.     Urban One is informed and believes and thereon alleges that the Defendants' conduct was undertaken purposefully, willfully, knowingly and maliciously to the exclusion of, and without regard to the inevitable damage certain to result to the Protected Work.

### COUNT I: COPYRIGHT INFRINGEMENT, 17 U.S.C. § 501
### (Against All Defendants)

26.     Urban One realleges and reincorporates each and every allegation contained in paragraphs 1 through 25 of this Complaint as though fully set forth at this point.

27.     Urban One is informed and believes and thereon alleges that Defendants had knowledge of Urban One's rights in the protected work.

28.     Urban One is informed and believes and thereon alleges that Defendants created and published the Infringing Work, which derived from the Protected Work, without securing the necessary licenses, permissions, consents, and authority of Urban One.

29.     Urban One is informed and believes and thereon alleges that Defendants obtained a direct financial interest, financial advantage, and/or economic consideration from the infringement in the United States as a result of the above referenced infringements.

30.     Defendants' acts complained of herein constitute copyright infringement of Urban One's copyright in the Protected Work. As a direct and proximate result of Defendants' infringement, Urban One shall be entitled to its actual damages plus Defendants' profits from infringement, as will be proven at trial.

31.     As a result of Defendants' acts of infringement, Urban One has suffered and will continue to suffer irreparable harm for which Urban One has no adequate remedy at law. Unless this Court enjoins Defendants' acts of infringement, Urban One will continue to suffer irreparable harm.

## COUNT II: KNOWING AND MATERIAL MISREPRESENTATION UNDER DMCA, 17 U.S.C. § 512(f)
### (Against All Defendants)

32. Urban One realleges and reincorporates each and every allegation contained in paragraphs 1 through 311 of this Complaint as though fully set forth at this point.

33. As part of their DMCA counter-notification, Defendants materially misrepresented that their material or activity "was removed or disabled by mistake or misidentification." Urban One is informed and believes and thereon alleges that the Defendants did so knowingly.

34. YouTube has relied upon Defendants' misrepresentations, and has stated that absent evidence of this lawsuit by July 5, 2017, it may reinstate the Infringing Work to its site.

35. Urban One has been damaged by Defendants' misrepresentations as described herein.

36. Pursuant to 17 U.S.C. § 512(f), Defendants are thus liable for all resulting damages, including costs and attorneys' fees incurred by Urban One.

## COUNT III: CIRCUMVENTION OF COPYRIGHT PROTECTION SYSTEMS, 17 U.S.C. § 1201
### (Against All Defendants)

37. Urban One realleges and reincorporates each and every allegation contained in paragraphs 1 through 366 of this Complaint as though fully set forth at this point.

38. When Urban One uploaded the Protected Work to Soundcloud, an online audio distribution platform, it protected the Protected Work by using Soundcloud's tools to disable users' ability to download the audio file, a technological measure that effectively controlled access to the Protected Work, as these terms are defined by 17 U.S.C. § 1201(b)(2).

39. As Defendants have nevertheless downloaded the Protected Work and integrated it into the Infringing Work, Urban One is informed and believes and thereon alleges that Defendants circumvented the technological measures that effectively controlled access to the Protected Work. Defendants' circumvention was performed without Urban One's authority.

40. As a result, pursuant to 17 U.S.C. § 1203, Urban One is entitled to an election of actual damages and profits to be proven at trial, or any time before final judgment is entered, statutory damages for each violation of 17 U.S.C. § 1201 in the sum of not less than $200 or more than $2,500 per act of circumvention, as the Court considers just.

41. To the extent that Doe Defendants, when their identities have been revealed, have previously been subject to a final judgment in which they were found to have violated 17 U.S.C. § 1201 or 1202 within three years of this action, Urban One may be entitled to treble damages, as the Court considers just.

42. As a result of Defendants' acts of circumvention, Urban One has suffered and will continue to suffer irreparable harm for which Urban One has no adequate remedy at law. Unless this Court enjoins Defendants' acts of circumvention, Urban One will continue to suffer irreparable harm.

43. In addition, Urban One is entitled to recover its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203.

### COUNT IV: FALSE AND/OR REMOVAL OF COPYRIGHT INFORMATION, 17 U.S.C. § 1202
### (Against All Defendants)

44. Urban One realleges and reincorporates each and every allegation contained in paragraphs 1 through 433 of this Complaint as though fully set forth at this point.

45. When Urban One published its Protected Work, it was accompanied by the applicable copyright management information as defined by 17 U.S.C. § 1202(c), including without limitation, the title "DJ Mr King and 50 Cent Interview Power 107.5" identifying the audio file, as well as a descriptive promotional advertisement ("Interview Promo") stating the following:

50 CENT GETS

#DOWNWITHTHEKING

CHECK OUT DJ MR KING'S EXCLUSIVE INTERVIEW WITH 50 CENT

ON MYCOLUMBUSPOWER.COM

POWER 107.5

MyColumbusPower.com.

A copyright notice was also present in the footer of the Urban One website.

46. When Defendants stole the Protected Work and republished it as the Infringing Work, certain copyright management information was removed without Urban One's authority, including but not limited to the title of the Protected Work and the copyright notice. Furthermore, the Defendants only included the Interview Promo as a static image after several minutes into the Infringing Work. Urban One is informed and believes and thereon alleges that Defendants did so knowing or having reasonable grounds to know that would induce, enable, facilitate, or conceal the infringement.

47. In addition, Defendants provided false copyright management information for the Protected Work, as republished in the form of the Infringing Work. Urban One is informed and believes and thereon alleges that in uploading the video to YouTube and then subsequently publishing it under the title "50 Cent Announces I'm The Man Remix W/ Chris Brown, Talks Top 5 Songs, Power Season 3 & More," Defendants misrepresented that they held the copyright to the Infringing Work, as upon information and belief, YouTube requires users to certify that they do own the copyrights to the materials or otherwise have permission to publish them. Defendants also misrepresented the Infringing Work as its own as part of the published YouTube video page. Further, Defendants misrepresented that they owned the copyrights to the Infringing Work as part of their DMCA counter-notification. Urban One is informed and believes and thereon alleges that Defendants did so knowingly and with the intent to induce, enable, facilitate, or conceal the infringement.

48. Having removed Urban One's copyright management information and having provided false copyright management information, pursuant to 17 U.S.C. § 1203, Urban One is entitled to an election of actual damages and profits to be proven at trial, or any time before final judgment is entered, statutory damages for each violation of 17 U.S.C. § 1201 in the sum of not less than $2,500 or more than $25,000 per violation, as the Court considers just.

49. To the extent that Doe Defendants, when their identities have been revealed, have previously been subject to a final judgment in which they were found to have violated 17 U.S.C. § 1201 or 1202 within three years of this action, Urban One may be entitled to treble damages, as the Court considers just.

50. As a result of Defendants' violations, Urban One has suffered and will continue to suffer irreparable harm for which Urban One has no adequate remedy at law. Unless this Court enjoins Defendants' violations, Urban One will continue to suffer irreparable harm.

51. In addition, Urban One is entitled to recover its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

WHEREFORE Urban One prays for judgment against Defendants as follows:

A. Judgment in Urban One's favor on all claims herein;

B. Preliminary and permanent injunctions preventing Defendants from infringing Urban One's copyrights in any manner, including but not limited to publishing, distributing, making available for download, adding or removing copyright management information, or circumventing the technological measures that effectively controlled access to Urban One's copyrighted matter.

C. An accounting of profits resulting from Defendants' infringements and violations of the DMCA;

D. An award to Urban One of its actual damages and any additional profits of Defendants attributable to Defendants' infringement, or, in the alternative, statutory damages for each violation of 17 U.S.C. § 1201 in the sum of not less than $200 or more than $2,500 per act of circumvention as the Court considers just and statutory damages for each violation of 17 U.S.C. § 1202 in the sum of not less than $2,500 or more than $25,000 per violation as the Court considers just;

E. An award of treble damages, if available;

F.  An award of punitive damages in light of Defendants' willful and wanton behavior, if available;

G.  An award of interest and costs;

H.  An award of attorneys' fees pursuant to 17 U.S.C. § 512(f) and 17 U.S.C. § 1203;

I.  Such other and further relief as the Court deems proper.

## JURY TRIAL DEMAND

Urban One hereby demands trial by jury on each issue that may properly be tried before a jury.

Dated: July 3, 2017                        Respectfully submitted,

GORDON & REES LLP

BY: _____
Craig Mariam (Bar No. 310846)
Yuo-Fong Amato (Bar No. 314318)
Attorneys for Plaintiff
Urban One, Inc.

One Commerce Square
2005 Market Street, Suite 2900
Philadelphia, PA 19103
Phone: (215) 561-2300
Fax: (215) 693-6650
cmariam@grsm.com
bamato@grsm.com